**Charla Jean DAVIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–97–00189–CR.

Court of Appeals of Texas, Dallas.

Oct. 29, 1998.

John Tatum, Dallas, for Appellant.

Tammy Harrison, Asst. Dist. Atty., Dallas, for Appellee.

Before LAGARDE, KINKEADE and WRIGHT, JJ.

## OPINION

LAGARDE, Justice.

Charla Jean Davis appeals the revocation of her community supervision[1] following her conviction for burglary of a habitation. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.1998). In appellant's presence at the conclusion of the probation-revocation hearing, the trial court orally pronounced a sentence of ten years' imprisonment but did not orally pronounce assessment of a fine. The written judgment revoking probation however, includes a $500 fine. In three points of error, appellant contends: (a) the trial court erred in entering a written judgment that varies from the sentence pronounced in her presence; and (b) her guilty plea leading to her conviction in the underlying case was involuntary because she did not receive oral admonishments. We overrule appellant's first point of error, dismiss her second and third points of error, and affirm the trial court's judgment revoking appellant's probation.

## PROCEDURAL BACKGROUND

Appellant was indicted for burglary of a habitation. On February 29, 1996, appellant pleaded guilty pursuant to a plea bargain. The trial court found appellant guilty and, in accordance with the plea bargain, assessed her punishment at ten years' imprisonment, probated for four years, and a $500 fine. The fine was not probated, and the trial court sentenced appellant to pay the fine. The court made payment of the fine a condition of the probation of the term of imprisonment.

The State subsequently filed a motion to revoke probation, alleging that appellant had violated the conditions of probation by committing two forgeries, using marijuana, and

---

1. For purposes of brevity and clarity, hereafter this opinion will utilize the term "probation" instead of "community supervision." All refer-  ences to "probation" are intended to have the same meaning as the term "community supervision."

not paying her fine, court costs, and restitution. On January 10, 1997, appellant pleaded true to the allegations and stipulated that she violated the conditions as alleged in the State's motion to revoke, including not paying the $500 fine. After a hearing, the trial court revoked appellant's probation and pronounced a sentence of ten years' imprisonment. The written judgment states that appellant's punishment was assessed at ten years' imprisonment and a $500 fine.

## THE FINE IN THE JUDGMENT

■ In her first point of error, appellant contends that the trial court erred in entering a different sentence on the written judgment from the sentence pronounced in appellant's presence at the probation revocation hearing. Appellant requests that we reform the judgment by deleting the fine. Appellant does not assert that the fine was not assessed and imposed in her presence at the plea hearing. Nor does she contend that the fine portion of the sentence had been probated or suspended, or that the fine had been paid.

Article 42.03, section 1(a) of the code of criminal procedure requires that the sentence be pronounced in the defendant's presence. *See* TEX.CODE CRIM. PROC. ANN. art. 42.03(1)(a) (Vernon Supp.1998); *see also Coffey v. State*, 979 S.W.2d 328 (Tex.Crim.App. 1998) (oral pronouncement of sentence controls over written memorialization of the sentence). The code of criminal procedure defines the sentence as "that part of the judgment, or order revoking a suspension of the imposition of a sentence [*i.e.*, revocation of probation], that orders that the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM. PROC. ANN. art. 42.02 (Vernon Supp.1998).[2]

When a defendant is placed on probation, "the imposition of sentence is suspended"; *i.e.*, the defendant's punishment has been assessed, but the court has postponed ordering the execution of the punishment. *See id.* art. 42.12, § 2(2)(B). Imposition of sentence may be suspended in whole or in part. *See id.* When a defendant's probation is revoked, the trial court imposes the sentence by ordering the previously assessed punishment "be carried into execution." *Id.* art. 42.02.

At appellant's plea hearing, the imposition of sentence was suspended in part, not in whole. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 2(2)(B) (Vernon Supp.1998). The fine was not probated. The issue before us is whether the fine portion of the sentence that was pronounced in appellant's presence at the plea hearing had to be repronounced in appellant's presence when the court revoked the probation of the term of imprisonment and imposed that portion of the sentence. We conclude that the court did not have to repronounce the sentence of the fine when imposing the sentence of imprisonment.[3]

At the plea hearing, in appellant's presence, the trial court announced that appellant's punishment was assessed at ten years' imprisonment and a $500 fine. The trial court imposed the sentence of the fine but suspended imposition of the sentence of imprisonment. Thus, the trial court "pronounced" the sentence of the $500 fine in appellant's presence and imposed the sentence by ordering that it be paid as a condition of probation. *See Coffey*, 979 S.W.2d at 329. From that moment, appellant was obligated to pay the fine as part of her sentence

---

**2.** The code's use of the word "sentence" is confusing. After carefully defining the term in article 42.02, the code uses "sentence" as a synonym for "punishment" throughout article 42.12. Because article 42.12 refers to imposition of the "sentence" instead of imposition of the "punishment," we will do so.

**3.** Appellant relies on *Marshall v. State*, 860 S.W.2d 142 (Tex.App.—Dallas 1993, no pet.), to support her argument that the trial court erred in including the $500 fine in the written judgment revoking her probation without repronouncing the fine in her presence when revoking her probation. *Marshall* contains the statement that sentence must be pronounced in the defendant's presence. *See id.* at 143. However, *Marshall*'s holding is that a deadly weapon finding is not part of the sentence and does not have to be pronounced in the defendant's presence. *See id.* Because *Marshall* does not concern the issue in this case, appellant's reliance on *Marshall* is misplaced.

and as a condition of the suspension of the imposition of the assessed term of imprisonment. Thus, appellant was "sentenced" at the plea hearing to pay the fine but was not "sentenced" to imprisonment as defined by article 42.02. *See* TEX.CODE CRIM. PROC. ANN. art. 42.02 (Vernon Supp.1998); *Coffey,* 979 S.W.2d at 329. No appeal was taken from that judgment.

At the conclusion of the probation-revocation hearing, the court "sentenced" appellant to the term of imprisonment by "revoking suspension of the imposition of a sentence [of imprisonment,]" and "order[ing] that the punishment [of imprisonment] be carried into execution." *See* TEX.CODE CRIM. PROC. ANN. art. 42.02 (Vernon Supp.1998). By doing so, the trial court pronounced the sentence of imprisonment in appellant's presence. Because the trial court had pronounced and imposed the sentence of the $500 fine at the plea hearing, the court was not required to repronounce the fine at the conclusion of the probation-revocation hearing.[4] *See Coffey,* 979 S.W.2d at 329; *see also Fair v. State,* 710 S.W.2d 188, 190 (Tex.App.—Corpus Christi 1986, no pet.) (reaching the same holding but without analysis or authority). The trial court was authorized to include the outstanding sentence of the fine into the judgment and sentence following revocation of appellant's probation to create a single written judgment and sentence for the case. *See Coffey,* 979 S.W.2d at 329; *see also* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp.1998) (following the revocation of probation, the trial court may dispose of the case as if there had been no probation).

We overrule appellant's first point of error.

### VOLUNTARINESS OF THE PLEA

In her second and third points of error, appellant contends her original guilty plea was involuntary because the trial court did not orally admonish her on the punishment range and the possibility of deportation before accepting her guilty plea.[5] The trial court assessed appellant's punishment and placed her on probation at the plea hearing. No motion for new trial was filed during the thirty days following that date. Therefore, appellant's right to complain on appeal about the sufficiency of her admonishments expired on Monday, April 1, 1996. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.1998); TEX.R.APP. P. 4.1(a), 26.2(a)(1); *Heiskell v. State,* 522 S.W.2d 477, 478 (Tex. Crim.App.1975); *Kinnard v. State,* 767 S.W.2d 916, 919 (Tex.App.—Fort Worth 1989, pet. ref'd). Appellant filed her notice of appeal on January 27, 1997, following the revocation proceedings. Because appellant's complaints address the original guilty plea and appellant did not timely file her notice of appeal, we have no jurisdiction to address appellant's second and third points of error. *See Heiskell,* 522 S.W.2d at 478. We dismiss appellant's second and third points of error.

We affirm the trial court's judgment.

---

4. Under section 23(a) of article 42.12, the trial court had authority to reduce appellant's term of confinement when revoking her probation, but that provision does not authorize reduction or elimination of the fine. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(a) (Vernon Supp.1998); *Coffey,* 979 S.W.2d at 329 n. 2; *cf.* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 22(a)(3) (Vernon Supp.1998) (trial court may increase fine as a sanction when continuing or modifying terms of probation after finding the defendant violated the terms of probation). Permitting the trial court to reduce or eliminate a fine when probation is revoked would result in a benefit to a defendant who violated the conditions of probation by not paying the assessed fine.

5. The record reflects that these admonishments were given in writing and that appellant and her attorney signed a statement that appellant understood the admonitions and was aware of the consequences of her plea. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(d) (Vernon Supp.1998).