Castaneda v. SOT



NUMBER 13-01-187-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


JESUS EDUARDO CASTANEDA, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 105th District Court of Kleberg County, Texas.

____________________________________________________________________


MEMORANDUM OPINION

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Hinojosa


Pursuant to a plea agreement, appellant, Jesus Eduardo Castaneda, pleaded guilty to the offense of possession of
marihuana. The trial court found appellant guilty and assessed his punishment at five years imprisonment and a $4,200
fine. The trial court suspended appellant's prison sentence and placed him on community supervision for five years. The
State subsequently moved to revoke appellant's community supervision. After appellant pleaded true to all six of the State's
allegations, the trial court revoked his community supervision and ordered that appellant serve the original sentence of five
years imprisonment. It was also ordered that appellant's sentence run consecutively with a federal court sentence. 
Appellant filed a general notice of appeal.

Appellant's attorney has filed a brief in which he states that he has reviewed the clerk's record and reporter's record and
concludes that appellant's appeal is frivolous and without merit. Anders v. California, 386 U.S. 738 (1967). The brief
meets the requirements of Anders as it presents a professional evaluation showing why there are no arguable grounds for
advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). In the brief, appellant's
attorney also states that he has informed appellant of his right to review the appellate record and to file a pro se brief. No
such brief has been filed. 

Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the proceeding[s] to
decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the
appellate record and counsel's brief; find nothing in the record that might arguably support the appeal; and agree with
appellant's counsel that the appeal is wholly frivolous and without merit. See Stafford, 813 S.w.2d at 511.

With respect to any issues concerning appellant's plea of guilty or original sentence, we dismiss for want of jurisdiction. 
See Tex. R. App. P. 25.2(b)(3) (requirements for notice of appeal of a plea-bargained felony guilty plea); Tex. Code Crim.
Proc. Ann. art. 42.12 § 23(b) (Vernon Supp. 2001); Heiskell v. State, 522 S.W.2d 477, 478 (Tex. Crim. App. 1975); Davis
v. State, 977 S.W.2d 859, 861 (Tex. App.-Dallas 1998, no pet.) (appeal for review of conviction and punishment must be
taken at time of imposition of sentence of community supervision); see Tex. R. App. P. 4.1(a); Tex. R. App. P. 26.2(a)(1)
(requirements for timely notice of appeal).

With respect to any issues concerning the revocation of appellant's community supervision, the judgment of the trial court
is affirmed. See Feagin v. State, 967 S.W.2d 417, 419 (Tex. Crim. App. 1998); Mitich v. State, Nos. 13-0-257-CR &
13-00-258-CR (Tex. App.-Corpus Christi May 3, 2001, no pet. h.) (requirements of rule 25.2(b)(3) do not apply to appeal
from revocation of community supervision). 




FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

9th day of August, 2001.