COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-313-CR
 
 
GERALD 
WAYNE JONES                                                        APPELLANT
  
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        In 
a single point, Jones complains that the trial court erred by imposing 
consecutive, instead of concurrent, sentences following the revocation of his 
community supervision.
 
II. Background
        In 
May of 2000, Jones was tried on three counts of aggravated sexual assault of a 
child under fourteen years of age and one count of indecency with a child by 
sexual contact. Following the conclusion of the evidence, only two counts of 
aggravated sexual assault of a child under fourteen years of age were submitted 
to the jury, which found Jones guilty of both counts. The jury subsequently 
assessed Jones’s punishment at 5 years’ confinement in the Institutional 
Division of the Texas Department of Criminal Justice (IDTDCJ) for each count, 
and recommended suspension of his sentences and placement on community 
supervision. The trial court sentenced Jones accordingly and set the 
probationary term at 10 years.[2]  At a hearing 
on the State’s first amended petition for revocation of appellant’s 
suspended sentences in both cases in June of 2004, Jones pleaded true but 
presented evidence to explain and mitigate his actions. Basically, Jones 
attempted to establish that he had failed to complete the homework associated 
with his community supervision therapy because he had had several surgeries on 
his writing hand, although he never spoke to the therapy leader about the issue. 
His therapist also testified that it took Jones from January of 2001 when he 
began the therapy program until December 10, 2003 for him to admit his offense, 
and that
looking 
at the big picture, Gerald Jones is a risk at this point. He’s been in the 
program for two and a half years. He continues to be a risk. If he’s sent to 
prison for five years, he’ll return to the home with two children in [the] 
home, and he’ll continue to be a risk. I don’t know the answer. He needs 
treatment. He needs to—he needs all these assignments that were approved at 
some point. He needs to redo them again and make them applicable to him. He 
needs to understand how he sexually abused his biological daughter.

        She 
also testified that if Jones were allowed to remain in the program that he 
should start over at square one, which could have been accomplished from the 
first day, but it depended on Jones.
        At 
the conclusion of the revocation hearing, the court revoked Jones’s community 
supervision on each of the two counts on which Jones had been convicted, and 
sentenced him to five years’ confinement in the IDTDCJ on each of the two 
counts, to be served consecutively.
III. Consecutive Sentencing
        In 
a single point, Jones asserts that the trial court erred by ordering his 
sentences to be served consecutively, as opposed to concurrently.
        A 
complaint about consecutive sentences is reviewed under an abuse of discretion 
standard. Macri v. State, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 
1999, pet. ref’d). In determining whether the trial court abused its 
discretion, the appellate court must uphold the trial court's ruling if it is 
reasonably supported by the record and is correct under any theory of law 
applicable to the case. Brito Carrasco v. State, 154 S.W.3d 127, 129 
(Tex. Crim. App. 2005). An appellate court must review the trial court's ruling 
in light of what was before the trial court at the time the ruling was made. Id.; 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). The trial 
court will not be overturned as long as its ruling is within the zone of 
reasonable disagreement. Weatherred, 15 S.W.3d at 542.
        The 
jury originally found Jones guilty of aggravated sexual assault as alleged in 
counts one and two of the indictment. Specifically from the first count, they 
found beyond a reasonable doubt that on December 11, 1997 there was genital or 
oral contact between Jones and the victim, and from the second count that on the 
same day there was digital or penile penetration of the victim by Jones.
        Jones 
cites two cases in support of his assertion of error, the first of which, in 
pertinent part reads as follows:
[A]rticle 
42.08 of the Code of Criminal Procedure establishes the trial court’s general 
authority to order consecutive sentences, and the overlay of section 3.03 of the 
Penal Code limits this authority when multiple offenses arising out of the same 
criminal episode are tried in a single criminal action (unless an exception in 
section 3.03(b) applies). See Ex parte Sims, 868 S.W.2d 803, 804 (Tex. 
Crim. App. 1993), overruled on other grounds by Ex parte McJunkins, 954 
S.W.2d 39, 41 (Tex. Crim. App. 1997); LaPorte v. State, 840 S.W.2d 412, 
415 (Tex. Crim. App. 1992); Tex. Code 
Crim. Proc. Ann. art. 42.08; 
Tex. Penal Code Ann. § 3.03. [The 
exceptions contained in section 3.03(b) include sexual assaults committed 
against a person younger than 17 years of age.] If one of these exceptions 
applies, the court may impose sentences to run concurrently or consecutively. Tex. Penal Code Ann. § 3.03.

Ewing 
v. State, 157 S.W.3d 863, 869 n.4, 870 (Tex. App.—Fort Worth 2005, no 
pet.).

        As 
pointed out in Ewing, section 42.08(a) of the Texas Code of Criminal 
Procedure allows for consecutive sentencing, which is limited by section 3.03 of 
the Penal Code for multiple offenses arising out of the same criminal episode 
tried in a single criminal action, which occurred here. Tex. Code Crim. Proc. Ann. art. 42.08(a) 
(Vernon Supp. 2004-05); Tex. Penal Code 
Ann. § 3.03 (Vernon 2003). However, the exception in section 3.03(b) to 
the limitation applies because this case involved the sexual assault of a victim 
younger than seventeen years of age. See Owens v. State, 96 S.W.3d 668, 
671 (Tex. App.—Austin 2003, no pet.). Therefore, unless some other prohibition 
exists, consecutive sentences were permissible.
        Jones 
argues that the trial court forfeited the right to stack the sentences “by 
failing to stack the appellant’s jury granted probation at the time the 
original five year sentences were delivered.”
When 
a defendant is placed on probation, “the imposition of sentence is 
suspended”; i.e., the defendant’s punishment has been assessed, but the 
court has postponed ordering the execution of the punishment. Imposition of 
sentence may be suspended in whole or in part. When a defendant’s probation is 
revoked, the trial court imposes the sentence by ordering the previously 
assessed punishment “be carried into execution.”

Davis 
v. State, 977 S.W.2d 859 (Tex. App.—Dallas 1998, no pet.) (citations 
omitted).
        The 
issue in Davis was “whether the fine portion of the sentence that was 
pronounced in appellant’s presence at the plea hearing had to be repronounced 
. . . when the court revoked the probation of the term of imprisonment and 
imposed that portion of the sentence.” Id. The question of concurrent 
verses consecutive sentences was not before the court. At least three cases have 
discussed the question presented. In McCullar v. State, 676 S.W.2d 587, 
588 (Tex. Crim. App. 1984), the Texas Court of Criminal Appeals held as follows,
[w]hen 
sentence is imposed, it is within the discretion of the court whether to 
cumulate sentences or not. Art. 42.08 V.A.C.C.P. In the instant case, the trial 
court at most indicated when assessing punishment and granting probation 
that if the sentences were later to be imposed, they would be concurrent. The 
trial court’s statement that the “punishments” run concurrently, made after 
appellant pled guilty, was superfluous since the imposition of sentence is 
suspended when probation is granted. Art. 42.12, Sec. 3, V.A.C.C.P. Sentence 
is not imposed until probation is revoked in which case “the court may proceed 
to dispose of the case as if there had been no probation.” Art. 42.12, Sec. 
8(a), V.A.C.C.P. Under these circumstances, we fail to see how the trial 
court’s statement constitutes “a promise not kept,” so as to render the 
imposition of consecutive sentences “fundamentally unfair.”
Upon 
revocation of probation in the three convictions, the trial court 
was authorized to impose the sentences consecutively by our holding in Gordon 
v. State, 575 S.W.2d 529 (Tex. Crim. App. 1979) (Opinion on State’s Motion 
for Rehearing). . . . As in the instant cases, neither the judgments suspending 
the imposition of sentences . . . nor the orders placing the defendant on 
probation provided for the cumulation of the sentences upon a subsequent 
revocation. Nevertheless, we held that he trial court had the power to cumulate 
the two sentences after revocation of probation.
Appellant 
asks us to overrule Gordon. We decline to do so.
Id. 
(emphasis supplied).

        Further, 
“[w]hen sentence is imposed, the trial court may or may not cumulate 
sentences, in its discretion. Sentence is not imposed until probation is 
revoked. Thus, upon revocation of probation, the trial court could impose 
sentences consecutively rather than concurrently.” Sterling v. State, 
791 S.W.2d 274, 278 (Tex. App.—Corpus Christi 1990, pet ref’d) (citations 
omitted). We agree. Also,
for 
the purpose of stacking, a case could be treated as a “conviction” at the 
time sentence is suspended or at the time sentence is imposed. In other words, 
when community supervision is revoked, the trial court would have the discretion 
to treat the case as a conviction at the time of community supervision and stack 
a subsequently committed offense onto the revoked offense, or the trial court 
could treat the case as a conviction upon revocation.

Pettigrew 
v. State, 48 S.W.3d 769, 771 (Tex. Crim. App. 2001).
        Therefore, 
we find that the trial court did not abuse its discretion in ordering 
consecutive, rather than concurrent, sentences. Jones’s single point is 
overruled.
IV. Conclusion
        Having 
overruled Jones’s single point, the judgment of the trial court is affirmed.
   
   
                                                                  PER 
CURIAM
 
  
PANEL 
F:   MCCOY, LIVINGSTON, and DAUPHINOT, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
August 25, 2005


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
The original judgment assessed punishment at ten years for each count with a 
probationary term of 5 years, but a nunc pro tunc order, dated August 18, 2000 
“amended and corrected” the original judgment by assessing punishment at 5 
years for each count with a probationary term of ten years.