Jones v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-313-CR

GERALD WAYNE JONES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In a single point, Jones complains that the trial court erred by imposing consecutive, instead of concurrent, sentences following the revocation of his community supervision.  

II.  Background

In May of 2000, Jones was tried on three counts of aggravated sexual assault of a child under fourteen years of age and one count of indecency with a child by sexual contact.  Following the conclusion of the evidence, only two counts of aggravated sexual assault of a child under fourteen years of age were submitted to the jury, which found Jones guilty of both counts.  The jury subsequently assessed Jones’s punishment at 5 years’ confinement in the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) for each count, and recommended suspension of his sentences and placement on community supervision.  The trial court sentenced Jones accordingly and set the probationary term at 10 years.
(footnote: 2)  At a hearing on the State’s first amended petition for revocation of appellant’s suspended sentences in both cases in June of 2004, Jones pleaded true but presented evidence to explain and mitigate his actions.  Basically, Jones attempted to establish that he had failed to complete the homework associated with his community supervision therapy because he had had several surgeries on his writing hand, although he never spoke to the therapy leader about the issue.  His therapist also testified that it took Jones from January of 2001 when he began the therapy program until December 10, 2003 for him to admit his offense, and that 

looking at the big picture, Gerald Jones is a risk at this point.  He’s been in the program for two and a half years.  He continues to be a risk.  If he’s sent to prison for five years, he’ll return to the home with two children in [the] home, and he’ll continue to be a risk.  I don’t know the answer.  He needs treatment.  He needs to—he needs all these assignments that were approved at some point.  He needs to redo them again and make them applicable to him.  He needs to understand how he sexually abused his biological daughter.

She also testified that if Jones were allowed to remain in the program that he should start over at square one, which could have been accomplished from the first day, but it depended on Jones.

At the conclusion of the revocation hearing, the court revoked Jones’s community supervision on each of the two counts on which Jones had been convicted, and sentenced him to five years’ confinement in the IDTDCJ on each of the two counts, to be served consecutively.

III.  Consecutive Sentencing

In a single point, Jones asserts that the trial court erred by ordering his sentences to be served consecutively, as opposed to concurrently.  

A complaint about consecutive sentences is reviewed under an abuse of discretion standard.  
Macri v. State
, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 1999, pet. ref’d).  In determining whether the trial court abused its discretion, the appellate court must uphold the trial court's ruling if it is reasonably supported by the record and is correct under any theory of law applicable to the case.  
Brito Carrasco v. State,
 154 S.W.3d 127, 129 (Tex. Crim. App. 2005).  An appellate court must review the trial court's ruling in light of what was before the trial court at the time the ruling was made.  
Id.
; 
Weatherred v. State,
 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  The trial court will not be overturned as long as its ruling is within the zone of reasonable disagreement.  
Weatherred,
 15 S.W.3d at 542. 

The jury originally found Jones guilty of aggravated sexual assault as alleged in counts one and two of the indictment.  Specifically from the first count, they found beyond a reasonable doubt that on December 11, 1997 there was genital or oral contact between Jones and the victim, and from the second count that on the same day there was digital or penile penetration of the victim by Jones.

Jones cites two cases in support of his assertion of error, the first of which, in pertinent part reads as follows:  

[A]rticle 42.08 of the Code of Criminal Procedure establishes the trial court’s general authority to order consecutive sentences, and the overlay of section 3.03 of the Penal Code limits this authority when multiple offenses arising out of the same criminal episode are tried in a single criminal action (unless an exception in section 3.03(b) applies).  
See Ex parte Sims
, 868 S.W.2d 803, 804 (Tex. Crim. App. 1993), 
overruled on other grounds by Ex parte McJunkins
, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997); 
LaPorte v. State
, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992); 
Tex. Code Crim. Proc. Ann. 
art
. 
42.08; 
Tex. Penal Code Ann
. § 3.03.  [The exceptions contained in section 3.03(b) include sexual assaults committed against a person younger than 17 years of age.]  If one of these exceptions applies, the court may impose sentences to run concurrently or consecutively.  
Tex. Penal Code Ann.
 § 3.03.  

Ewing v. State
, 157 S.W.3d 863, 869 n.4, 870 (Tex. App.—Fort Worth 2005, no pet.).

As pointed out in 
Ewing
, section 42.08(a) of the Texas Code of Criminal Procedure allows for consecutive sentencing, which is limited by section 3.03 of the Penal Code for multiple offenses arising out of the same criminal episode tried in a single criminal action, which occurred here.  
Tex. Code Crim. Proc. Ann.
 art. 42.08(a) (Vernon Supp. 2004-05); 
Tex. Penal Code Ann.
 § 3.03 (Vernon 2003).  However, the exception in section 3.03(b) to the limitation applies because this case involved the sexual assault of a victim younger than seventeen years of age.  
See Owens v. State
, 96 S.W.3d 668, 671 (Tex. App.—Austin 2003, no pet.).  Therefore, unless some other prohibition exists, consecutive sentences were permissible.  

Jones argues that the trial court forfeited the right to stack the sentences “by failing to stack the appellant’s jury granted probation at the time the original five year sentences were delivered.”
 

When a defendant is placed on probation, “the imposition of sentence is suspended”; i.e., the defendant’s punishment has been assessed, but the court has postponed ordering the execution of the punishment.  Imposition of sentence may be suspended in whole or in part.  When a defendant’s probation is revoked, the trial court imposes the sentence by ordering the previously assessed punishment “be carried into execution.”

Davis v. State
, 977 S.W.2d 859 (Tex. App.—Dallas 1998, no pet.) 
(citations omitted).

The issue in 
Davis
 was “whether the fine portion of the sentence that was pronounced in appellant’s presence at the plea hearing had to be repronounced . . . when the court revoked the probation of the term of imprisonment and imposed that portion of the sentence.”  
Id.  
The question of concurrent verses consecutive sentences was not before the court.  At least three cases have discussed the question presented.  In
 McCullar v. State
, 676 S.W.2d 587, 588 (Tex. Crim. App. 1984), the Texas Court of Criminal Appeals held as follows, 

[w]hen sentence is imposed
, it is within the discretion of the court whether to cumulate sentences or not.  Art. 42.08 V.A.C.C.P.  In the instant case, the trial court at most indicated when 
assessing punishment 
and granting probation that if the sentences were later to be imposed, they would be concurrent.  The trial court’s statement that the “punishments” run concurrently, made 
after
 appellant pled guilty, was superfluous since the 
imposition of sentence is suspended when probation is granted
.  Art. 42.12, Sec. 3, V.A.C.C.P.  Sentence is not imposed until probation is revoked in which case “the court may proceed to dispose of the case as if there had been no probation.”  Art. 42.12, Sec. 8(a), V.A.C.C.P.  Under these circumstances, we fail to see how the trial court’s statement constitutes “a promise not kept,” so as to render the imposition of consecutive sentences “fundamentally unfair.”

Upon revocation of probation 
in the three convictions, 
the
 
trial court was authorized to impose the sentences consecutively 
by our holding in 
Gordon v. State
, 575 S.W.2d 529 (Tex. Crim. App. 1979) (Opinion on State’s Motion for Rehearing). . . . As in the instant cases, neither the judgments suspending the imposition of sentences . . . nor the orders placing the defendant on probation provided for the cumulation of the sentences upon a subsequent revocation.  Nevertheless, we held that he trial court had the power to cumulate the two sentences after revocation of probation.

Appellant asks us to overrule 
Gordon
.  We decline to do so.  

Id
. (emphasis supplied).

Further, “[w]hen sentence is imposed, the trial court may or may not cumulate sentences, in its discretion.  Sentence is not imposed until probation is revoked.  Thus, upon revocation of probation, the trial court could impose sentences consecutively rather than concurrently.”  
Sterling v. State
, 791 S.W.2d 274, 278 (Tex. App.—Corpus Christi 1990, pet ref’d) (citations omitted).  We agree.  Also, 

for the purpose of stacking, a case could be treated as a “conviction” at the time sentence is suspended or at the time sentence is imposed.  In other words, when community supervision is revoked, the trial court would have the discretion to treat the case as a conviction at the time of community supervision and stack a subsequently committed offense onto the revoked offense, or the trial court could treat the case as a conviction upon revocation.

Pettigrew v. State
, 48 S.W.3d 769, 771 (Tex. Crim. App. 2001).

Therefore, we find that the trial court did not abuse its discretion in ordering consecutive, rather than concurrent, sentences.  Jones’s single point is overruled.

IV.  Conclusion

Having overruled Jones’s single point, the judgment of the trial court is affirmed.

PER CURIAM

PANEL F: MCCOY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 25, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The original judgment assessed punishment at ten years for each count with a probationary term of 5 years, but a nunc pro tunc order, dated August 18, 2000 “amended and corrected” the original judgment by assessing punishment at 5 years for each count with a probationary term of ten years.