**MODIFY and AFFIRM; and Opinion Filed July 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01333-CR

### SHIRLEY ANN ALFARO, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 363rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-62798-W

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Shirley Ann Alfaro appeals from the revocation of her community supervision. In a single issue, appellant contends the judgment revoking community supervision should be modified to delete the fine. We modify the trial court's judgment and affirm as modified.

Appellant waived a jury and pleaded guilty to intoxication assault. *See* TEX. PENAL CODE ANN. § 49.07(a)(1) (West 2011). Pursuant to a plea agreement, the trial court assessed punishment at ten years' imprisonment. The trial court later placed appellant on shock probation. The State later moved to revoke community supervision, alleging appellant violated several conditions. Appellant pleaded true to the allegations in a hearing on the motion. The

trial court found the allegations true, revoked appellant's community supervision, and assessed punishment at ten years' imprisonment.

In her sole issue, appellant contends the judgment revoking community supervision should be modified to delete a $2,000 fine. The State agrees the judgment should be modified as appellant requests.

The trial court's original judgment includes a $2000 fine. When a trial court pronounces and imposes a fine at the original plea hearing, the court is not required to repronounce the fine at the conclusion of the revocation hearing. *See Davis v. State,* 977 S.W.2d 859, 861 (Tex. App.-Dallas 1998, no pet.). However, although the original plea agreement provided for a $2,000 fine, the trial court, when pronouncing sentence on February 21, 2011, did not orally pronounce the $2,000 fine. Thus, the $2,000 fine should not have been included in the original judgment. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (When a conflict exists between the oral pronouncement and the judgment, the oral pronouncement controls.).

Because the $2,000 fine was not properly included in the original judgment, it should not have been carried over to the judgment revoking community supervision. *See Davis*, 977 S.W.2d at 861; *Coffey*, 979 S.W.2d at 328. We sustain appellant's sole issue. We modify the judgment revoking community supervision to delete the $2,000 fine. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the judgment revoking community supervision.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131333F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SHIRLEY ANN ALFARO, Appellant

No. 05-13-01333-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 363rd Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F10-62798-W).
Opinion delivered by Justice Lang-Miers,
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the trial court's judgment revoking community supervision is **MODIFIED** as follows:

The section entitled "Fine" is modified to show "None."

As modified, we **AFFIRM** the trial court's judgment revoking community supervision.

Judgment entered July 28, 2014.