

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00065-CR

BENJAMIN DON EDDINGTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 23,747-2018

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Pursuant to a plea bargain agreement, Benjamin Don Eddington pled guilty to and was convicted of possessing one or more but less than four grams of methamphetamine in a drug-free zone. In accordance with the terms of his plea bargain, the trial court sentenced Eddington to ten years' imprisonment and ordered him to pay a $3,000.00 fine but suspended the sentence in favor of placing Eddington on community supervision for ten years. The State later filed a motion to revoke Eddington's community supervision on the ground that he had violated the terms and conditions by possessing drug paraphernalia, methamphetamine, and heroin. After finding the State's allegation true, the trial court revoked Eddington's community supervision and reimposed its originally assessed sentence.

On appeal, Eddington argues that (1) the evidence was insufficient to support the trial court's findings that the allegations in the revocation motion were true, (2) the trial court erred by pronouncing the sentence outside of Eddington's presence, (3) his counsel rendered ineffective assistance by failing to ensure his presence during sentencing, (4) he was not afforded a neutral and detached judge because the trial court failed to consider the entire range of punishment, and (5) "[t]he totality of the errors committed in the motion to revoke hearing deprived" him of due process. We conclude that sufficient evidence supported the trial court's decision to revoke Eddington's community supervision and that Eddington's remaining complaints are meritless. As a result, we affirm the trial court's judgment.

**I.     Sufficient Evidence Supports the Trial Courts Decision to Revoke Eddington's Community Supervision**

In his first point of error, Eddington argues that the evidence was insufficient to show that he violated the terms and conditions of his community supervision by possessing drug paraphernalia, methamphetamine, or heroin.  We disagree.

At the revocation hearing, Delton Graves, an officer with the Wood County Sheriff's Office, testified that he pulled over a vehicle in which Eddington was a passenger after confirming that the vehicle's registration had expired.  Graves said that, after the vehicle had stopped at a gas station, Eddington immediately exited the vehicle before Graves could approach the driver.  Graves testified that he asked Eddington to step back into the vehicle but "observed him walk over towards the trash can next to the gas pump and then . . . [make] a furtive—furtive motion, and then finally walk[] back towards [Graves]."  Graves, who clarified that he saw Eddington's "arm move towards the trash can," detained Eddington because he was concerned that Eddington had "just tossed something."  According to Graves, Eddington, who was "extremely nervous" and "shaking . . . uncontrollably," initially denied throwing anything into the trash can.

Graves testified that the driver of the vehicle, Warren Coburn, gave him consent to search the vehicle.  Although he did not find any contraband in the vehicle, Graves noticed a blue "Kool" brand cigarette pack on the passenger side of the vehicle where Eddington had been sitting.  Graves then walked toward the trash can where he believed Eddington had thrown something and found another blue "Kool" brand cigarette pack "on top of the windshield wiper fluid on the trash can . . . beside the gas pump."  That cigarette pack held a bag containing a

white substance and a cellophane wrapper containing a brown substance. Based on his training and experience as a police officer, Graves believed that the white substance was methamphetamine and that the brown substance was potentially heroin.

Graves testified that he conducted field testing of both substances and that the tests were positive for both heroin and methamphetamine. According to Graves, Eddington then admitted that he had paraphernalia on his person, and Graves located a pipe, concealed inside of Eddington's underwear, that could be used to smoke methamphetamine or heroin. Graves arrested Eddington for possession of methamphetamine, heroin, and drug paraphernalia. During cross-examination, Graves admitted that he never saw Eddington with the cigarette pack found in the trash can and that Eddington did not claim that the drugs were his. Even so, the trial court found the State's allegations to be true.

"We will review the trial court's decision to revoke community supervision for an abuse of discretion." *Lively v. State*, 338 S.W.3d 140, 143 (Tex. App.—Texarkana 2011, no pet.) (citing *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *In re T.R.S.*, 115 S.W.3d 318, 320 (Tex. App.—Texarkana 2003, no pet.)). "The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his or her community supervision." *Id.* (citing *Rickels*, 202 S.W.3d at 763–64; *T.R.S.*, 115 S.W.3d at 320). "In conducting our review, we view the evidence in the light most favorable to the trial court's ruling." *Id.* (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *T.R.S.*, 115 S.W.3d at 321). "If a single ground for revocation

4

is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown." *Id.* (citing *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); *T.R.S.*, 115 S.W.3d at 321).

Eddington argues that the evidence is insufficient to show that he possessed drug paraphernalia because the "glass cylinder in Appellant's pants" was not tested for the presence of drugs. Yet, Graves testified that after he asked Eddington "if he had anything on him," Eddington admitted to having drug paraphernalia on his person "in the front part of his pants." Graves retrieved a cylindrical-shaped pipe that could be used to smoke methamphetamine and heroin from inside of Eddington's underwear. We find this evidence sufficient to create a reasonable belief that Eddington had violated a condition of his community supervision by possessing drug paraphernalia. Because the trial court's finding of true to this allegation was supported by a preponderance of the evidence, we cannot say that the trial court abused its discretion by revoking Eddington's community supervision.[1] We overrule Eddington's first point of error.

## II. Eddington's Remaining Complaints are Meritless

In his second and third points of error, Eddington argues that the trial court failed to sentence him in his presence because after the oral pronouncement of his sentence, the trial court reviewed and signed the judgment outside of Eddington's presence. He also argues that counsel rendered ineffective assistance by failing to secure his presence during sentencing. We find both points of error meritless.

---

[1]As a result of this finding, we need not review Eddington's complaints related to the State's other allegations.

5

"A defendant's sentence must be pronounced orally in his presence." *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004). Here, the record shows that, after entering into a plea bargain agreement with the State, Eddington's sentence of ten years' imprisonment and fine of $3,000.00 was pronounced in his presence but suspended when he was placed on community supervision. *See id.* at 502; *Davis v. State*, 977 S.W.2d 859, 861 (Tex. App.—Dallas 1998, no pet.). Because the sentence was imposed when he was placed on community supervision, no further oral pronouncement in Eddington's presence was required. *See Taylor*, 131 S.W.3d at 501 (a defendant's sentence is "imposed but suspended when [regular] probation is granted"). Moreover, after the revocation hearing, and while Eddington was present, the trial court said, "Based on the testimony presented and the evidence presented by the State, I'm going to revoke your probation; order that you serve ten years in the Texas Department of Criminal Justice."

Because the trial court orally pronounced Eddington's sentence when he was placed on community supervision, later revoked "a suspension of the imposition of [Eddington's] sentence," and "order[ed] that the punishment be carried into execution in the manner prescribed by law," we find that Eddington's claim that the trial court did not pronounce the sentence in his presence is meritless. TEX. CODE CRIM. PROC. ANN. art. 42.02; *see Davis*, 977 S.W.2d at 861; *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998) (finding that the judgment revoking community supervision properly contained a fine even though it was not pronounced during the revocation hearing because the fine was orally pronounced when the defendant was placed on community supervision). Likewise, we also find meritless his point of error raising ineffective assistance of counsel on the ground that counsel did not secure his presence during

sentencing because Eddington was present during the oral pronouncement of his sentence. We overrule Eddington's second and third points of error.[2]

We also find meritless Eddington's fourth point of error, which argues that he was not afforded a neutral and detached judge because the judge did not consider the full range of punishment. Eddington's punishment was decided as a result of his plea bargain agreement with the State. "In a negotiated plea bargain that contemplates a particular offense of conviction and punishment to be imposed, a defendant is expressly giving up a whole host of rights, including the right to be sentenced by a judge considering the entire range of punishment." *Grado v. State*, 445 S.W.3d 736, 740 (Tex. Crim. App. 2014). "The limitation . . . is that the resulting sentence

---

[2]Citing only to *Strickland v. Washington*, 466 U.S. 668 (1984), for the general standard governing ineffective assistance claims, Eddington states, in a conclusory manner, the following:

> Defense Counsel, in this case, was deficient and deviated from prevailing professional norms shown on the record by his failure to object multiple times, failure to lodge an argument of why the motion to revoke hearing should be delayed due to a lack of conviction of new charges. . . . Further, Defense Counsel failed to be present with Appellant when the judgment was read into the record, jail credits considered, the right of Appellant to appeal, and the discussion on whether the State had complied with Texas Code of Criminal Procedure § 39.14.

"To avoid forfeiting a legal argument for inadequate briefing, an appellant's brief must contain 'a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'" *Taylor v. State*, 558 S.W.3d 215, 218 (Tex. App.—Texarkana 2018, no pet.) (citing TEX. R. APP. P. 38.1(i); *Lucio v. State*, 351 S.W.3d 878, 896–97 (Tex. Crim. App. 2011); *Busby v. State*, 253 S.W.3d 661, 673 (Tex. Crim. App. 2008)). "Because the Texas Court of Criminal Appeals has emphasized that an appellate court has no obligation to construct and compose issues, facts, and arguments for an appellant, encompassed within Rule 38.1 is the party's task of explaining or discussing why an argument has substance." *Id.* (citing *Wolfe v. State*, 509 S.W.3d 325, 343 (Tex. Crim. App. 2017); *Lucio*, 351 S.W.3d at 896–97; *Busby*, 253 S.W.3d at 673).

"To avoid forfeiture, a party must provide substantive analysis by applying the law to the facts." *Id.* (citing *Linney v. State*, 413 S.W.3d 766, 767 (Tex. Crim. App. 2013) (Cochran, J., concurring in refusal to grant petition for discretionary review)). "A brief that fails to apply the law to the facts does not comply with Rule 38.1 and presents nothing for review." *Id.* (citing *Swearingen v. State*, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003)). Eddington's brief contains no relevant substantive analysis on his general, conclusory complaints of counsel's alleged ineffectiveness. To the extent Eddington raises other grounds of ineffective assistance, we find them inadequately briefed. Because conclusory statements do not lay the predicate for an ineffective-assistance claim, Wright has forfeited this ground of ineffective assistance. *See Lucio*, 351 S.W.3d at 896; *Ruiz v. State*, 293 S.W.3d 685, 693 (Tex. App.—San Antonio 2009, pet. ref'd) (complaint waived where defendant's brief "contain[ed] no argument or authorities" to support contention that his counsel was ineffective); *Tufele v. State*, 130 S.W.3d 267, 270–71 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (ineffective-assistance-of-counsel complaint waived for inadequate briefing).

must be within the range of punishment provided by statute." *Id.* Here, because Eddington's punishment was within the range of punishment and was the result of a negotiated plea bargain, we find the complaint that he was not afforded a neutral and detached judge meritless.

Last, Eddington raises a cumulative error complaint. The Texas Court of Criminal Appeals has never ruled that "non-errors may in their cumulative effect cause error." *Gamboa v. State*, 296 S.W.3d 574, 585 (Tex. Crim App. 2009) (quoting *Chamberlain v. State*, 998 S.W.2d 230, 238 (Tex. Crim. App. 1999)). Because we have found no error raised by Eddington's complaints, we also overrule this point of error as meritless.

## III.    Conclusion

We affirm the trial court's judgment.

Ralph K. Burgess<br>
Justice

Date Submitted:     December 21, 2021
Date Decided:       January 27, 2022

Do Not Publish