

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00223-CR
No. 07-24-00224-CR

SERAFIN MARTINEZ SOLORIO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2021H-112, CR-2023F-108, Honorable Roland D. Saul, Presiding

August 5, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Serafin Martinez Solorio, appeals from the revocation of his community supervision in two cases. After pleading guilty to bail jumping and possession of a controlled substance, he received probated sentences conditioned on completing a substance abuse treatment program. When he failed to successfully complete the program, the trial court revoked his community supervision. We modify the judgment to correct duplicate fees and delete improper attorney's fees and affirm as modified.

**BACKGROUND**

Appellant pleaded guilty to bail jumping and failure to appear,[1] a third-degree felony, and possession of a controlled substance in a drug-free zone,[2] a second-degree felony.  In August 2023, the trial court accepted Appellant's plea and sentenced him to ten years of confinement for each offense, each probated for ten years with community supervision.  The sentence also imposed a $3,000 fine for the possession of a controlled substance conviction.  As a condition of community supervision, the trial court required Appellant to "serve a term of confinement and treatment in a Substance Abuse Felony Punishment Facility (SAFPF) as per attachment."  The attachment specified:

> As a condition of Community Supervision, the offender is required to serve a term of confinement and treatment in a Substance Abuse Treatment Facility under this section, abiding by all rules and regulations of said program for a term of not less than 90 days or more than one (1) year.  Upon release, the offender is required to participate in a drug or alcohol abuse continuum of care treatment plan as developed by the Texas Commission on Alcohol and Drug Abuse, abiding by all rules and regulations of said treatment plan until discharged by the staff of the continuum of care program.

Six months later, the State moved to revoke Appellant's community supervision in both cases, alleging he "failed to serve a term of confinement and treatment in a [SAFPF], in violation of Article 17(H) of the conditions of community supervision."  At the revocation hearing, Appellant orally pleaded true and acknowledged violating the facility's rules "numerous times" without successfully completing the SAFPF program.  The trial court

---

[1] *See* TEX. PENAL CODE ANN. § 38.10(f).

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.134.

2

revoked Appellant's community supervision and sentenced him to ten years of confinement on each offense.  This appeal followed.

ANALYSIS

Standard of Review

We review a trial court's decision to revoke community supervision under an abuse of discretion standard.  *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Green v. State*, Nos. 07-19-00411-CR, 07-19-00412-CR, 07-19-00413-CR, 2021 Tex. App. LEXIS 5589, at *7 (Tex. App.—Amarillo July 14, 2021, pet. ref'd) (mem. op., not designated for publication).  A single violation of the terms of community supervision supports revocation.  *Green*, 2021 Tex. App. LEXIS 5589, at *7–8.

Revocation of Community Supervision

By his first issue, Appellant argues the State's motion to revoke alleged only that he "failed to serve a term of confinement and treatment in a Substance Abuse Felony Punishment Facility," when the evidence shows he unquestionably did "serve a term . . . one that was at least long enough for him to break the rules and be discharged." According to Appellant, his plea of true cannot support revocation when the record "indisputably contradicts" the sole allegation in the State's motion.

Context fills in the remaining detail.  The State's motion alleges Appellant failed to serve the required term "in violation of Article 17(H) of the conditions of community supervision."  This language incorporates by reference the specific terms of his community supervision, which required him to serve "a term of not less than 90 days or

3

more than one (1) year" while "abiding by all rules and regulations of said program." A defendant cannot avoid revocation by parsing the State's language when the motion provides fair notice of the violated condition. *See Labelle v. State*, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986) (en banc) (adopting fair notice standard for revocation motions and providing defendant an opportunity to challenge the motion on grounds of insufficient notice).

Generally, "a plea of true, standing alone, is sufficient to support the revocation of community supervision." *Tapia v. State*, 462 S.W.3d 29, 31 (Tex. Crim. App. 2015). While Appellant correctly notes that some courts have found substantive defects can overcome a plea of true, those cases involve allegations that are demonstrably false. Here, Appellant's own admissions establish he violated his community supervision terms. He acknowledged he did not successfully complete SAFPF and violated facility rules "numerous times." The trial court could reasonably find this failure encompassed both the duration and rule-compliance aspects of the condition. "Moreover, any defects regarding sufficiency of the allegations in a motion to revoke must be raised at trial; failure to object at that time waives the sufficiency of the notice provided by the motion on appeal." *Labelle*, 692 S.W.2d at 105 n.2. Appellant did not timely complain about lack of sufficient notice.

The trial court did not abuse its discretion in revoking Appellant's community supervision. We overrule Appellant's first issue.

4

Imposition of Fine

Appellant complains the trial court erred by including a $3,000 fine in its judgment despite not orally pronouncing it at the revocation hearing. We disagree.

When a defendant is placed on probation, "the imposition of sentence is suspended"—the punishment has been assessed, but the court postpones ordering its execution. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 2(2)(B). Imposition may be suspended in whole or in part. Here, the trial court suspended imposition of the imprisonment but not the fine. Paying the $3,000 fine was one of the conditions of Appellant's community supervision. From that moment, Appellant was obligated to pay the fine as part of his sentence. *Coffey v. State*, 979 S.W.2d 326, 329 (Tex. Crim. App. 1998) (en banc); *Davis v. State*, 977 S.W.2d 859, 860 (Tex. App.—Dallas 1998, no pet.). Upon revocation, the trial court imposed the previously suspended imprisonment but did not need to re-pronounce the fine that had already been imposed and made part of the original sentence. *See Coffey*, 979 S.W.2d at 329.

Appellant bears the burden of demonstrating error on the record. Although the Clerk's Record shows the $3,000 fine was included in the order at the initial plea hearing, we lack the Reporter's Record from that hearing. Thus, Appellant cannot demonstrate the trial court failed to orally pronounce the fine at the plea hearing.

Appellant's second issue is overruled.

5

Fees, Court Costs, & Attorney's Fees

By his remaining issues, Appellant raises three related complaints: (1) the bill of costs erroneously charges duplicate fees, (2) the judgment assesses attorney's fees despite his indigent status, and (3) he was improperly charged a time payment fee before the appellate mandate issued.

The State argues Appellant waived these complaints through his initial plea agreement waiving "the right to an indigency hearing on fees, fines and court costs including attorney's fees, probation fees and other fees and agree[d] to this assessment." We disagree with the State. Although Appellant's plea included this language, no actual fee assessment appears in the record before his plea, nor did the trial court make any finding regarding Appellant's indigent status. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Johnson v. State*, 386 S.W.3d 347, 353–54 (Tex. App.—Amarillo 2012, no pet.) ("Once a criminal defendant has been found to be indigent, we presume he remains indigent for the remainder of the proceedings unless a material change in his financial resources occurs."); *Pruitt v. State*, 646 S.W.3d 879, 883 (Tex. App.—Amarillo 2022, no pet.) ("Generally, a defendant may challenge the imposition of court costs for the first time on direct appeal when, . . . those costs are not imposed in open court and the judgment does not contain an itemization of the costs imposed.").

(1) Duplicate Fees

Appellant points to multiple bills of costs issued at different times. Both cases contain several bills: one from immediately after his initial plea, another showing additional fees from the revocation, and one case includes an itemized bill combining

6

original plea and revocation costs.  Appellant did not object to the fees when originally assessed in his original guilty pleas.  An appellant cannot raise on appeal from probation revocation any claim he could have brought on appeal from the original community supervision imposition.  *Wiley v. State*, 410 S.W.3d 313, 319 (Tex. Crim. App. 2013).  We hold that Appellant waived complaints regarding fee duplication in his initial pleas.

However, the revocation-related bills reveal fee discrepancies between Appellant's original plea and revocation hearing.  In trial case CR-2021H-112, the original plea bill totaled $480.00, while the post-revocation bill shows a charge of $3,515.00 in total assessments, including the $3,000 fine, plus $85.00 for "executing capias, warrant, etc." We disregard the fine for purposes of examining which costs and fees are proper.  That presents $515.00 in costs from the original plea, which is $35.00 more than the original $480.00.  We therefore order the bill of costs to be modified in CR-2021H-112 to omit this duplicate $35.00 fee.  *See Pruitt*, 646 S.W.3d at 884.

In connection with Appellant's pleas in CR-2023F-108, we find an initial bill of costs for $405.00.  As noted above, there was no timely appeal at the time Appellant pleaded guilty.  For the revocation, the bill of costs adds $85.00 for executing capias, warrant, and precept.  But the bill of costs in case -112 already includes an $85 charge for these services.  Per Code of Criminal Procedure article 102.073, the court may assess court costs or fees only once in a single criminal action in which a defendant is convicted of two or more offenses of multiple counts of the same offense.  We therefore order the bill of costs in case -108 to be modified to delete the $85.00 charge for executing the capias, warrant, and precept.  *See id.* ("single criminal action" refers to a single trial or plea with

7

allegations and evidence of more than one offense, even if presented under separate cause numbers).

(2) Court-Appointed Attorney's Fees

Appellant argues the trial court erred by ordering him to pay attorney's fees despite his indigent status without making any contrary determination. We agree. Nothing demonstrates the trial court found Appellant no longer indigent, nor does any evidence support such a finding. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Johnson*, 386 S.W.3d at 353–54.

Because Appellant was previously found indigent, he is presumed to remain so absent a material change in his financial resources. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Johnson*, 386 S.W.3d at 353–54. The trial court erred by assessing court-appointed attorney's fees. We sustain this issue and will modify the judgment to delete the attorney's fees assessment. *See Johnson*, 386 S.W.3d at 353–54.

(3) Time Payment Fee

Appellant complains about a $15 "time payment fee" assessment. *See* TEX. CODE CRIM. PROC. ANN. art. 102.030(a). He argues the assessment is improper because payment of fines, court costs, and restitution is suspended during appeal, precluding the time payment fee's assessment. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2018).

However, the fee was charged in both cases at the time of his original plea, indicating it stems from his original fee assessment rather than the revocation.  Because the fee was part of the original judgment, its accrual was not stayed by this appeal.

## CONCLUSION

We modify the bill of costs in CR-2021H-112 by deleting one of the three $35.00 fees for "SERVING WRIT Art. 102.011," and affirm the remainder.  We modify bill of costs in CR-2023F-108 by deleting the $85.00 fee for "Executing Capias, Warrant, etc. & Precept" as duplicate of the fees charged in CR-2021H-112.  We modify the judgment to delete the attorney's fees assessment.  We affirm the trial court's judgment revoking Appellant's community service, imposing a $3,000 fine, and adopting the bills of costs as modified.

Lawrence M. Doss
Justice

Do not publish.

9