COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.  2-05-179-CR

 

JOHN ROSS EWING                                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

MEMORANDUM
OPINION[1] ON
STATE=S 

PETITION
FOR DISCRETIONARY REVIEW 

 

                                              ------------

After reviewing the State=s petition for discretionary review, we modify our opinion and
judgment in this appeal.  See Tex. R. App. P. 50.  We withdraw our January 19, 2006 opinion and
judgment and substitute the following. 


I. Introduction








A jury convicted Appellant
John Ross Ewing of three counts of sexual assault of a child.  The jury recommended twenty years= confinement on count one and ten years= probation for each of the other two counts.  The trial court followed the jury=s recommendation and ordered that the two probated sentences run
consecutively with each other but concurrently with the twenty-year prison
sentence for count one. 

In a prior appeal, this court
ruled that the trial court=s order, that the two ten-year terms of probation run consecutively,
was unlawful because the code of criminal procedure prohibits imposing
consecutive suspended sentences when the cumulative term of the suspended
sentences exceeds ten years.  Ewing v.
State, 157 S.W.3d 863, 870 (Tex. App.CFort Worth 2005, no pet.). Accordingly, this court reversed that
portion of the trial court=s judgment.  Id. We cited
to the code of criminal procedure for the proposition that, at re-sentencing,
the trial court could either order the sentences on the second and third counts
to begin when the twenty-year sentence has ceased to operate or order the
sentences all to run concurrently. 
Id.

At re-sentencing, the same
trial judge who presided at the initial punishment hearing, ordered that the two
probated ten-year sentences run concurrently to each other and consecutively to
the twenty-year prison sentence.  Ewing
argues that the trial court=s act effectively increased his sentence from twenty years to thirty
years, in violation of due process of law under the Fourteenth Amendment. 








II.
Re-sentencing

In his sole issue, Ewing
asserts that the trial court erred when it increased his sentence during
re-sentencing without any new evidence or new information to justify the
increased sentence.  He contends that
the  United States Supreme Court=s decision in North Carolina v. Pearce, 395 U.S. 711, 89 S. Ct.
2072 (1969), prohibits the imposition of a more severe sentence without new
evidence or information.   








In Pearce, the Court
held that whenever a court imposes a harsher sentence following a new trial,
the court must state its reasons for doing so on the record in order to ensure
that retaliatory motivation does not enter into the re-sentencing process.  Id. at 726, 89 S. Ct. at
2081.  The Court has subsequently
examined the applicability of the Pearce presumption of vindictiveness.
 See, e.g., Texas v. McCullough, 475
U.S. 134,137, 106 S. Ct. 976, 978 (1986) (defendant originally sentenced by
jury; judge concluded defendant entitled to new trial; upon retrial defendant
chose sentencing by judge; Pearce presumption inapplicable and even if
it were to apply, court's findings overcame presumption); Wasman v. United
States, 468 U.S. 559, 569, 104 S. Ct. 3217, 3224 (1984) (presumption of
vindictiveness applies because petitioner received greater sentence following
retrial than that he had originally received; consideration by court of
conviction between original sentencing and sentencing after retrial rebuts
presumption); Colten v. Kentucky, 407 U.S. 104, 112‑20, 92 S. Ct.
1953, 1958-62 (1972) (prophylactic rule announced in Pearce not appropriate
in context of two‑tier system, which allowed for trial de novo in court
of general criminal jurisdiction following trial or guilty plea in an inferior
court; likelihood of vindictiveness not present).

The decision in Pearce
was premised on the apparent need to guard against vindictiveness in the
re-sentencing process.  See Wasman,
468 U.S. at 567, 104 S. Ct. at 3222 (quoting Chaffin v. Stynchombe, 412
U.S. 17, 25, 93 S. Ct. 1977, 1982 (1973)). 
In certain cases in which action detrimental to the defendant has been
taken after the exercise of a legal right, the Court has found it necessary to
presume an improper vindictive motive.  United
States v. Goodwin, 457 U.S. 368, 373, 102 S. Ct. 2485, 2488
(1982).  Given the severity of such a
presumption, howeverCwhich may
operate in the absence of any proof of an improper motive and thus may block a
legitimate response to criminal conductCthe Court has done so only in cases in which a Areasonable likelihood@ of vindictiveness exists.  Id.  The Pearce requirements thus do not
apply in every case in which a convicted defendant receives a higher sentence
on retrial.  McCullough, 475 U.S.
at 138, 106 S. Ct. at 979. 








The violation of due process
in situations such as Pearce does not arise from the possibility that a
defendant may be discouraged from exercising legal rights but instead from the Adanger that the State might be retaliating against the accused for
lawfully attacking his conviction.@  Bordenkircher v. Hayes, 434 U.S. 357, 363, 98 S. Ct. 663, 668 (1978).  Where the presumption applies, the sentencing
authority must rebut the presumption that an increased sentence or charge
resulted from vindictiveness; where the presumption does not apply, the
defendant must affirmatively prove actual vindictiveness.  See Wasman, 468 U.S. at 569, 104 S.
Ct. at 3223.

On remand, the trial court in
this case chose one of the sentencing options that this court authorized in its
opinion.  See Ewing, 157 S.W.3d at
870.  Moreover, the record reflects that
the trial court=s intent was
to ensure that Ewing received probation after his release from the penitentiary
so that he would receive treatment and supervision as a sex offender.  Therefore, we conclude that no Areasonable likelihood@ of vindictive sentencing exists in the action taken by the trial
court and that the Pearce presumption is therefore inapplicable.  See Goodwin, 457 U.S. at 373,
102 S. Ct. at 2488. Consequently, because the Pearce presumption does
not apply, in order to obtain relief, Ewing must prove that vindictiveness
actually occurred in the re-sentencing procedure.  See Wasman, 468 U.S. at 569, 104 S.
Ct. at 3223.  The record fails to support
such a claim.  








In view of this court=s decision that the Pearce presumption does not apply and that
actual vindictiveness has not been proved, we hold there is no error and
overrule Ewing=s sole
issue.  Id.  

III.
Conclusion 

Having overruled Ewing=s sole issue, we affirm the trial court=s judgment. 

 

 

BOB MCCOY

JUSTICE

 

PANEL B:   HOLMAN, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
March 27, 2006

 

 











[1]See Tex. R. App. P. 47.4.