EWING V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-179-CR

JOHN ROSS EWING APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 
ON APPELLANT’S 

PETITION FOR DISCRETIONARY REVIEW 

------------

After reviewing Appellant’s petition for discretionary review, we modify our opinion and judgment in this appeal.  
See
 
Tex. R. App. P. 
50.  We withdraw our January 19, 2006 opinion and judgment and substitute the following.
  

I. 
Introduction

A jury convicted Appellant John Ross Ewing of three counts of sexual assault of a child.  The jury recommended twenty years’ confinement on count one and ten years’ probation for each of the other two counts.  The trial court followed the jury’s recommendation and ordered that the two probated sentences run consecutively with each other but concurrently with the twenty-year prison sentence for count one. 

In a prior appeal, this court ruled that the trial court’s order, that the two ten-year terms of probation run consecutively, was unlawful because the code of criminal procedure prohibits imposing consecutive suspended sentences when the cumulative term of the suspended sentences exceeds ten years.  
Ewing v. State
, 157 S.W.3d 863, 870 (Tex. App.—Fort Worth 2005, no pet.). Accordingly, this court reversed that portion of the trial court’s judgment.  
Id.
 We cited to the code of criminal procedure for the proposition that, at re-sentencing, the trial court could either order the sentences on the second and third counts to begin when the twenty-year sentence has ceased to operate or order the sentences all to run concurrently.
  Id.

At re-sentencing, the same trial judge who presided at the initial punishment hearing, ordered that the two probated ten-year sentences run concurrently to each other and consecutively to the twenty-year prison sentence.  Ewing argues that the trial court’s act effectively increased his sentence from twenty years to thirty years, in violation of due process of law under the Fourteenth Amendment. 

II. Re-sentencing

In his sole issue, Ewing asserts that the trial court erred when it increased his sentence during re-sentencing without any new evidence or new information to justify the increased sentence.  He contends that the  United States Supreme Court’s decision in 
North Carolina v. Pearce, 
395 U.S. 711, 89 S. Ct. 2072 (1969), prohibits the imposition of a more severe sentence without new evidence or information. 
  

In 
Pearce
, the Court held that whenever a court imposes a harsher sentence following a new trial, the court must state its reasons for doing so on the record in order to ensure that retaliatory motivation does not enter into the re-sentencing process.  
Id. 
at
 
726, 89 S. Ct. at 2081.  The Court has subsequently examined the applicability of the 
Pearce
 presumption of vindictiveness.
  See, e.g., Texas v. McCullough
, 475 U.S. 134,137, 106 S. Ct. 976, 978 (1986) (defendant originally sentenced by jury; judge concluded defendant entitled to new trial; upon retrial defendant chose sentencing by judge; 
Pearce
 presumption inapplicable and even if it were to apply, court's findings overcame presumption); 
Wasman v. United States
, 468 U.S. 559, 569, 104 S. Ct. 3217, 3224 (1984) (presumption of vindictiveness applies because petitioner received greater sentence following retrial than that he had originally received; consideration by court of conviction between original sentencing and sentencing after retrial rebuts presumption); 
Colten v. Kentucky
, 407 U.S. 104, 112-20, 92 S. Ct. 1953, 1958-62 (1972) (prophylactic rule announced in 
Pearce
 not appropriate in context of two-tier system, which allowed for trial de novo in court of general criminal jurisdiction following trial or guilty plea in an inferior court; likelihood of vindictiveness not present).

The decision in 
Pearce
 was premised on the apparent need to guard against vindictiveness in the re-sentencing process.  
See
 
Wasman, 
468 U.S. at 567, 104 S. Ct. at 3222 (quoting 
Chaffin v. Stynchombe, 
412 U.S. 17, 25, 93 S. Ct. 1977, 1982 (1973)).  In certain cases in which action detrimental to the defendant has been taken after the exercise of a legal right, the Court has found it necessary to presume an improper vindictive motive.  
United States v.
 
Goodwin
, 457 U.S. 368, 373, 102 S. Ct. 2485, 2488 (1982).  Given the severity of such a presumption, however—which may operate in the absence of any proof of an improper motive and thus may block a legitimate response to criminal conduct—the Court has done so only in cases in which a “reasonable likelihood” of vindictiveness exists.  
Id
.  The 
Pearce
 requirements thus do not apply in every case in which a convicted defendant receives a higher sentence on retrial.  
McCullough
, 475 U.S. at 138, 106 S. Ct. at 979. 

The violation of due process in situations such as 
Pearce
 does not arise from the possibility that a defendant may be discouraged from exercising legal rights but instead from the “danger that the State might be retaliating against the accused for lawfully attacking his conviction.”
  Bordenkircher v. Hayes
, 434 U.S. 357, 363, 98 S. Ct. 663, 668 (1978).  Where the presumption applies, the sentencing authority must rebut the presumption that an increased sentence or charge resulted from vindictiveness; where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness.  
See Wasman,
 468 U.S. at 569, 104 S. Ct. at 3223.

On remand, the trial court in this case chose one of the sentencing options that this court authorized in its opinion.  
See Ewing,
 157 S.W.3d at 870.  Moreover, the record reflects that the trial court’s intent was to ensure that Ewing received probation after his release from the penitentiary so that he would receive treatment and supervision as a sex offender.  Therefore, we conclude that no “reasonable likelihood” of vindictive sentencing exists in the action taken by the trial court and that the 
Pearce
 presumption is therefore inapplicable.  
See
 
Goodwin
, 457 U.S. at 373, 102 S. Ct. at 2488. Consequently, because the 
Pearce
 presumption does not apply, in order to obtain relief, Ewing must prove that vindictiveness actually occurred in the re-sentencing procedure.  
See Wasman
, 468 U.S. at 569, 104 S. Ct. at 3223.  The record fails to support such a claim.  

In view of this court’s decision that the 
Pearce
 presumption does not apply and that actual vindictiveness has not been proved, we hold there is no error and overrule Ewing’s sole issue.  
Id. 
 

III. Conclusion 

Having overruled Ewing’s sole issue, we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL B: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 27, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.