COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.  2-04-498-CR

 

RAMESH MIRCHUMAL SADARANGANI                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 5 OF TARRANT COUNTY

 

                                              ------------

 

                 MEMORANDUM
OPINION[1] ON
APPELLANT=S 

                 PETITION
FOR DISCRETIONARY REVIEW 

 

                                              ------------

After reviewing Appellant=s petition for discretionary review, we modify our opinion and
judgment in this appeal.  See Tex. R. App. P. 50.  We withdraw our April 20, 2006 opinion and
judgment and substitute the following.

                                            Introduction








Appellant Ramesh Mirchumal
Sadarangani appeals from his conviction for violating a protective order.  In five points, Appellant argues that the
trial court abused its discretion by admitting certain extraneous-offense
evidence.  We affirm.

                                            Background

Appellant and Geeta
Sadarangani were married in 1992, had two sons, and divorced in 2001.  On October 30, 2001, the 231st District Court
of Tarrant County granted Geeta a protective order of two years= duration that prohibited Appellant from, among other things, going
within 200 yards of Geeta=s residence
except to pick up or drop off the children for visitation. 

Geeta testified that on June
19, 2003, she was dropping one of her sons off at a neighbor=s house within 200 yards of her own home when she saw Appellant drive
slowly past.  She reported the violation
of the protective order to police later that day.  Police arrested Appellant, and he was charged
by information with violating the protective order.  








During its rebuttal case at
trial, the State called Arlington Police Investigator Esperanza Buckle.  Investigator Buckle testified, among other
things, about how the Police Department investigates complaints.  On cross-examination, Appellant offered into
evidence the arrest warrant affidavit sworn by Investigator Buckle and
cross-examined her about inconsistencies between the recitations in the
affidavit and Geeta=s testimony
at trial.  The affidavit also stated that
A[Appellant=s] criminal
history shows he has been arrested twice for Violation of Protective Order,@ though Appellant did not question Investigator Buckle about that
statement. 

When the State took
Investigator Buckle on redirect, it requested the trial court=s permission to question Investigator Buckle about Appellant=s prior violations, arguing that Appellant had Aopened the door@ to such
evidence by offering the arrest warrant affidavit.  Appellant objected that the State waived its
right to examine Investigator Buckle about the prior offenses when it failed to
object to the admission of the affidavit and that Investigator Buckle=s testimony about his prior violations was speculative and
inflammatory.  The trial court ruled that
Appellant had opened the door to the prior violations and allowed the State to
examine Investigator Buckle concerning the two violations she knew about.  After questioning Investigator Buckle about
those violations, the State recalled Geeta to the stand.  Geeta testified that Appellant violated the
protective order on three prior occasions and was arrested twice.  Appellant made relevance objections to her
testimony, and the trial court overruled his objections.  Appellant then called his brother and
questioned him about the prior violations and Appellant=s subsequent guilty pleas and jail time. 

                                             Discussion








In his first point, Appellant
argues that the trial court abused its discretion by ruling that Appellant had
opened the door to Investigator Buckle=s testimony concerning prior violations of the protective order.  In his third point, he argues that the
admission of Investigator Buckle=s testimony violated Rules 403, 404(b), and 906 of the Texas Rules of
Evidence.

To preserve error, a party
must continue to object each time the objectionable evidence is offered.  Fuentes v. State, 991 S.W.2d 267, 273
(Tex. Crim. App.), cert. denied, 528 U.S. 1026 (1999); Ethington v.
State, 819 S.W.2d 854, 858-59 (Tex. Crim. App. 1991).  A trial court=s erroneous admission of evidence will not require reversal when other
such evidence was received without objection, either before or after the
complained-of ruling.  Leday v. State,
983 S.W.2d 713, 718 (Tex. Crim. App. 1998); Johnson v. State, 803 S.W.2d
272, 291 (Tex. Crim. App. 1990), cert. denied, 501 U.S. 1259 (1991), overruled
on other grounds by Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App.
1991).  A party must object each time
inadmissible evidence is offered or obtain a running objection.  Valle v. State, 109 S.W.3d 500, 509
(Tex. Crim. App. 2003).  An error in the
admission of evidence is cured where the same evidence comes in elsewhere
without objection.  Id.








When the State announced its
intention to question Investigator Buckle 
about her arrest warrant affidavit=s reference to Appellant=s prior violations of the protective order, Appellant objected to her
testimony as speculative and inflammatory. 
But Appellant made no such objections when Geeta testified about the
same violations,[2]
and Appellant himself questioned his brother about the prior violations.  Assuming for the sake of argument that the
trial court abused its discretion when it allowed Investigator Buckle to
testify about the prior violations, we hold that the error was cured when Geeta
and Appellant=s brother
testified without objection about the same violations.  We overrule Appellant=s first and third points.

In his second point,
Appellant argues that the trial court abused its discretion by admitting the
prior-offense evidence because the State did not deliver its notice of intent
to offer such evidence until the day of trial. 
Rule 404(b) provides that extraneous-offense evidence is admissible
under certain circumstances Aprovided that upon timely request by the accused in a criminal
case, reasonable notice is given in advance of trial of intent to introduce in
the State=s
case-in-chief such evidence[.]@  Tex. R. Evid. 404(b) (emphasis added).








Appellant did not make a
request for notice by the State as required by Rule 404(b).  Instead, he argues that his motion in limine
was sufficient to constitute a Rule 404(b) request to trigger the State=s notice obligation.  Although
the trial court ruled on Appellant=s motion in limine, the motion itself requested only Aan order instructing the State . . . not to mention . . . any
extraneous offense[] . . . in the presence of the jury@ and a hearing outside the jury=s presence regarding the admissibility of any such extraneous offense
evidence.  The motion did not request an
order instructing the State to provide notice of intent to introduce of any
extraneous offense.  Moreover, the motion
was addressed to the court, rather than the State, and was thus insufficient to
constitute the request required by Rule 404(b). 
See Simpson v. State, 991 S.W.2d 798, 801 (Tex. Crim. App. 1998)
(holding defendant=s motion
seeking order from court to require State to provide notice of intent to offer
evidence of other crimes, wrongs, or acts insufficient to trigger notice
requirement under Rule 404(b)); Mitchell v. State, 982 S.W.2d 425, 427
(Tex. Crim. App. 1998) (holding motion seeking order requiring notice from
State insufficient under code of criminal procedure art. 37.07); see also
Ewing v. State, 157 S.W.3d 863, 867 (Tex. App.CFort Worth 2005, no pet.). 
Thus, the State had no obligation to provide such notice.  See Ewing, 157 S.W.3d at 867.  We therefore hold that the trial court did
not abuse its discretion by admitting the evidence, and we overrule Appellant=s second point.








In his fourth point, Appellant argues that the trial court
abused its discretion by allowing the State to present rebuttal evidence
because there was nothing to rebut.  When
the State called Investigator Buckle at the beginning of its rebuttal case,
Appellant moved to take her on voir dire to Aask outside the
presence of the jury what exactly the rebuttal is [that is] going to be heard.@ The trial court denied his request. 
Appellant made no objections to the State=s case in rebuttal generally and did not raise the complaint that
forms the basis of his fourth point on appeal. 
We therefore hold that Appellant has forfeited this complaint and
overrule his fourth point.  See Tex. R. App. P. 33.1(a)(1).

In his fifth point, Appellant
argues that the errors alleged in his first four points were harmful.  Because we have overruled Appellant=s other points, we need not address his fifth point.  See Tex.
R. App. P. 47.1.

                                             Conclusion

Having overruled Appellant=s first four points and declined to address his fifth point, we affirm
the trial court=s judgment.

 

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 21, 2006











[1]See Tex. R. App. P. 47.4.





[2]After
Geeta testified without objection that Appellant had violated the protective
order before, Appellant made relevancy objections to her testimony about the
details of those violations.  The trial
court permitted the State to ask Geeta about the dates of the violations but no
other details.