In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-095 CR


____________________



DARCY JO WOODS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. 93741






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Darcy Jo Woods pleaded guilty to delivery of a
controlled substance. The trial court found Woods guilty and assessed punishment at two
years of confinement in a state jail facility. However, the trial court suspended imposition
of sentence, placed Woods on community supervision for four years, and assessed a $500
fine. Subsequently, the State filed a motion to revoke community supervision, which alleged
that Woods had violated various conditions of her community supervision, and Woods
pleaded "true" to some of the alleged violations. The trial court then revoked Woods's
community supervision and assessed punishment at two years of confinement in a state jail
facility. The trial court ordered that Woods's sentence would run consecutively to her two-year sentence in another case. In this appeal, Woods contends the trial court abused its
discretion by stacking her sentences. We affirm.

 Woods asserts that section 3.03 of the Texas Penal Code "prevents the stacking of
these offenses." Woods also argues that each case was called individually, "but all matters
for each appearance were handled in the same setting for each phase." Section 3.03(a) of the
Texas Penal Code provides as follows: "When the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted in a single criminal action, a
sentence for each offense for which he has been found guilty shall be pronounced. Except
as provided by Subsection (b), the sentences shall run concurrently." Tex. Pen. Code Ann.
§ 3.03(a) (Vernon Supp. 2006). 

 Woods cites Ewing v. State, 157 S.W.3d 863 (Tex. App.--Fort Worth 2005, no pet.)
as support for her argument that the procedure followed by the trial court constituted a
prosecution of all of the cases in a single action as contemplated by section 3.03(a). See Tex.
Pen. Code Ann. § 3.03(a). However, Ewing does not support the proposition for which
Woods cites it. In Ewing, the Court of Appeals held that section 3.03(a) limits the trial
court's authority to order consecutive sentences when multiple offenses arising out of the
same criminal episode are tried in a single criminal action. Ewing, 157 S.W.3d at 870. 

 Here, the trial court called each of Woods's three pending cases individually, disposed
of the motions to revoke separately, and pronounced sentence in each case individually. We
find that both Ewing and section 3.03(a) of the Texas Penal Code are inapposite. See id.;
Tex. Pen. Code Ann. § 3.03(a). Rather, article 42.08 of the Texas Code of Criminal
Procedure governs this case. See Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp.
2006). Article 42.08(a) of the Texas Code of Criminal Procedure provides that when a
defendant has been convicted in two or more cases, the trial court may order the sentences
to run either consecutively or concurrently. (1) Id. Woods was convicted in three cases.
Therefore, the trial court did not abuse its discretion by ordering Woods's sentence in one
case to run consecutively with that in another case. See id. We overrule Woods's sole issue
and affirm the trial court's judgment.

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on November 21, 2006

Opinion Delivered December 13, 2006

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Woods cites no authority for the proposition that the trial court's sentence of two
years in each case, to run consecutively, constitutes a single four-year sentence. See Tex.
R. App. P. 38.1(h) (Briefs must contain appropriate citations to authorities supporting the
contentions made.).