# NO. 12-23-00117-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JUAN RANGEL,*<br>*APPELLANT* | § | *APPEAL FROM THE 411TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *TRINITY COUNTY, TEXAS* |

## MEMORANDUM OPINION

Appellant, Juan Rangel, appeals his conviction for sexual assault. In his sole issue, he contends that the trial court erred by overruling his objections to the State's closing argument. We affirm.

## BACKGROUND

Appellant was indicted for sexual assault. Specifically, the indictment alleged that Appellant intentionally performed oral sex on a male child (A.G.) younger than seventeen years of age. Appellant pleaded "not guilty," and this matter proceeded to a jury trial. At the outset of trial, Appellant urged a motion in limine which requested, in relevant part, that neither the State's

attorney nor witnesses be permitted to mention or allude to Appellant's sexual orientation.[1] The trial court granted this portion of Appellant's motion. Subsequently, counsel for the State queried whether she could "go into the events of that night and the things contained in the offense report," which the trial court confirmed.

A.G. and A.H., A.G.'s uncle, both testified that in July of 2020, they and several family members traveled to Trinity County, Texas to visit Appellant's home. A.H., A.G., and Appellant sat around a fire outside, drank beer together, and engaged in casual conversation. Appellant asked A.H. about the size of his penis, but A.H. did not answer. Appellant then asked A.G. the same question. Subsequently, the three went for a walk on a nearby trail, during which Appellant unsuccessfully reached a hand toward A.H.'s genitals. A.H. then suggested that the group return to the house, to which Appellant initially disagreed and suggested that A.H. return alone, but ultimately acquiesced. A.G. testified that nothing happened in the woods. Upon returning to the house, they consumed additional alcoholic beverages and A.G. was intoxicated. A.H., his wife, his mother-in-law, and his three children slept together in one bedroom, while A.G. planned to sleep on the couch in the living room. Just before he fell asleep, A.H. heard Appellant invite A.G. to go outside with him. A.G. testified that Appellant asked him to go outside with him, and A.G. agreed. Outside, despite A.G. physically resisting and telling Appellant to stop, Appellant lowered A.G.'s pants and performed oral sex on A.G.

Appellant elected to testify during the guilt-innocence phase of trial. In relevant part, he stated that he has been married to his wife for eighteen years and they share three children. He admitted that A.H. and A.G. were at his home on the night in question and that they were drinking alcohol. However, he denied asking any questions about anyone's penis size, attempting to touch A.H.'s genitals, attempting to isolate himself with A.G., waking A.G. up to take him outside, or sexually assaulting A.G. Appellant testified that if convicted, he would "lose" his family "in the sense that I don't see them," lose his home and his freedom, and suffer embarrassment in the community.

Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" of sexual assault and the matter proceeded to a trial on punishment. Appellant elected to have the court assess punishment, and the court assessed Appellant's punishment at fifteen years' imprisonment. This appeal followed.

---

[1] The record does not include Appellant's motion in limine or the trial court's written order thereon.

Appellant alleges that the trial court erred by overruling his objections to the State's closing argument. Although Appellant characterizes this issue as improper admission of evidence (in violation of his motion in limine), the statements were not testimonial or otherwise evidentiary in nature. *See* **Coble v. State**, 871 S.W.2d 192, 206 (Tex. Crim. App. 1993) (jury argument is not considered evidence). Therefore, we construe Appellant's issue as challenging the trial court's failure to sustain his objections to improper jury argument.

## Standard of Review and Applicable Law

The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone, and not on any fact not admitted in evidence. **Milton v. State**, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019). We review challenges to a trial court's rulings on objections to closing argument for abuse of discretion. **Lemon v. State**, 298 S.W.3d 705, 707 (Tex. App.—San Antonio 2009, pet. ref'd). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *See* **Cire v. Cummings**, 134 S.W.3d 835, 838–39 (Tex. 2004). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. **Turner v. State**, No. 12-09-00264-CR, 2010 WL 2638146, at *1 (Tex. App.—Tyler June 30, 2010, pet. ref'd) (mem. op., not designated for publication). Further, the trial court's decision will be upheld on appeal if it is correct on any theory of law applicable to the case. *Id.*

Proper jury argument (1) summarizes the evidence, (2) makes reasonable deductions from the evidence, (3) responds to arguments of opposing counsel, or (4) pleads for law enforcement. *See* **Wesbrook v. State**, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). To determine whether an argument falls within one of the four categories of permissible argument, we must consider the argument both in the context in which it appears and in light of the entire record. **Gaddis v. State**, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); **Hernandez v. State**, 114 S.W.3d 58, 61–62 (Tex. App.—Fort Worth 2003, pet. ref'd). When the State's argument falls within any of these categories, the trial court does not err by allowing such argument. **Davila v. State**, 952 S.W.2d 872, 879 (Tex. App.—Corpus Christi 1997, pet. ref'd). A prosecuting attorney is permitted wide latitude in argument to draw all inferences from the facts in evidence which are reasonable, fair, and legitimate, and offered in good faith. **Cantu v. State**, 939 S.W.2d

627, 633 (Tex. Crim. App. 1997); *Ewing v. State*, 157 S.W.3d 863, 869 (Tex. App.—Fort Worth 2005, no pet.).

Improper jury argument is generally considered non-constitutional error, and not grounds for reversal unless a substantial right is affected. *See* TEX. R. APP. P. 44.2(b); *State v. Dudley*, 223 S.W.3d 717, 728 (Tex. App.—Tyler 2007, no pet.). When the State's jury argument exceeds the permissible bounds, it will not constitute reversible error unless, in light of the entire record, the argument is extreme or manifestly improper, violates a mandatory statute, or injects new facts harmful to the accused in the proceedings. *Wesbrook*, 29 S.W.3d at 115. The remarks must have been a willful and calculated effort by the State to deprive an appellant of a fair and impartial trial. *Id.*

## Analysis

During closing arguments in the guilt/innocence phase, the State argued:

> But if you think about it, why would the defendant lie? Why would the defendant's wife lie? And that's an easier question to answer, isn't it? If he was found guilty, he could go to prison. I doubt his family would stay with him. Because this act is homosexual in nature, and he's married to a woman. I imagine it would be perceived as kind of embarrassing[.]

Appellant objected on the basis that this statement "[brought] up sexual orientation," in violation of the motion in limine. The trial court overruled Appellant's objection because the State's reference to homosexuality was "referring to the act, not the defendant[.]"

The State continued its closing argument, and subsequently asserted:

> In the prosecution realm, we have what we call he say, she say [sic] cases in the law enforcement realm. And it kind of sounds like what it says. You know, we kind of have a swearing match. I think this is more. We have a lot more than that. We have things we see here on the board. We have the tendencies of what we see asking the penis size of the other two. Why is this important? And why is it important that the defendant denied it?

Appellant again objected to the State "bringing in sexual orientation[.]" The trial court also overruled this objection, stating, "This is part of argument."

The first statement of which Appellant complains meets several categories of appropriate jury argument. First, the argument summarized and restated the evidence already before the jury, specifically the nature of the crime based upon the genders of the defendant and A.G., the fact of Appellant's marriage, and Appellant's concerns about losing his family and embarrassment within the community. *See Wesbrook*, 29 S.W.3d at 115. Second, the State

4

made a reasonable deduction from the evidence, namely setting forth the nature of the offense as a potential reason for Appellant's aforementioned concerns. *See Ewing*, 157 S.W.3d at 869. Third, the argument responded to the arguments of opposing counsel. During opening arguments, Appellant's counsel argued that the witnesses for the State were not credible and that A.G. in particular was not "some innocent young man." While examining Appellant, defense counsel twice asked him why A.G. would fabricate the story that Appellant sexually assaulted him. Finally, during closing, Appellant's counsel described A.G. as a "troubled young man" who was "not able to make eye contact with anybody" while testifying, and described his allegations as a "concocted, depraved story." Conversely, defense counsel asserted that Appellant was "forthright" because he elected to testify and "looked at everybody while he was speaking," and argued that reasonable doubt existed because of the credibility of "each of the witnesses." In response to this line of argument, the State was permitted to suggest a potential motivation for dishonesty on Appellant's part. *See Reydom v. State*, No. 05-19-01486-CR, 2020 WL 7693179, at *8 (Tex. App.—Dallas Dec. 28, 2020, no pet.) (mem. op., not designated for publication) (prosecutor's statements that defendant had motivation to lie about crime not improper and "were in direct response to defense counsel's argument that [the victim] was not credible").

The second statement of which Appellant complains similarly constitutes a summation of the evidence as well as a response to the argument of opposing counsel. Appellant's trial counsel asserted in her closing argument that the sole deciding factor for the jury to consider was whether they found Appellant or A.G. to be more credible. In response, the State reminded the jury of the record evidence, outside of A.G.'s testimony, that tended to corroborate A.G.'s recounting of the events. *See id.*; *Dutton v. State*, 836 S.W.2d 221, 227 (Tex. App.—Houston [14th Dist.] 1992, no pet.) (prosecutor's suggestion that jury make reasonable deduction from evidence was proper jury argument).

Taking the prosecution's statements in light of the entire record and in the context of the entire jury argument, we conclude that the arguments of which Appellant complains do not amount to improper jury argument. *See Davila*, 952 S.W.2d at 879. We further conclude that the trial court did not abuse its discretion in overruling Appellant's objections thereto. Accordingly, we overrule Appellant's sole issue.

5

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.


GREG NEELEY
Justice

Opinion delivered February 22, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 22, 2024**

**NO. 12-23-00117-CR**

**JUAN RANGEL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 411th District Court

of Trinity County, Texas (Tr.Ct.No. 11258)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*